UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMIDA B., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Acting Commissioner of Social Security,[1] <br><br> Defendant. | Case No.: 20-cv-01984-JLB <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF COUNSEL'S PETITION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. SECTION 406(b)** <br><br> **[ECF No. 16]** |

Pending before the Court is a Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by Matty M. Sandoval, Esq., counsel for plaintiff Armida B. ("Plaintiff"). (ECF No. 16.)

**I.   BACKGROUND**

On October 10, 2018, Plaintiff signed an agreement retaining Mr. Sandoval to represent her in connection with her Supplemental Security Income ("SSI") claim before

---

[1]   Martin O'Malley, the current Acting Commissioner of Social Security, is automatically substituted as the defendant for Kilolo Kijakazi, the former Acting Commissioner of Social Security, pursuant to Federal Rule of Civil Procedure 25(d).

the Social Security Administration ("SSA"). (ECF No. 16-4.) In the fee agreement, Plaintiff and Mr. Sandoval agreed, in relevant part, that:

> I[, Plaintiff] will pay my representative a fee equal to 25 percent of any past-due benefits from my claim or, if less, $6,000.00 the maximum dollar amount allowed pursuant to section 206(a)(2)(A) of the Social Security Act based on the date SSA approves my fee agreement.
>
> . . .
>
> We further understand that the fee for both claims may not exceed the lesser of 25% of the combined past due benefits from my claim or, if less, $6,000.00 the maximum dollar amount allowed pursuant to section 206(a)(2)(A) of the Social Security Act based on the date SSA approves my fee agreement.

(*Id.*) The fee agreement submitted with the Petition does not address fees for representation before the district court pursuant to 42 U.S.C. § 406(b). (*See id.*)

On October 8, 2020, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by Defendant Martin O'Malley, Acting Commissioner of Social Security (the "Commissioner"), denying her application for SSI. (ECF No. 1.) The Commissioner filed the administrative record on April 23, 2021. (ECF No. 8.) On July 6, 2021, Plaintiff filed a motion for reversal and/or remand. (ECF No. 11.) The Commissioner thereafter filed an opposition (*see* ECF Nos. 12, 13), and Plaintiff replied (ECF No. 14). On March 18, 2022, the Court granted Plaintiff's motion, reversed the decision of the Commissioner, and remanded the matter for further administrative proceedings. (ECF No. 15.)

On remand, the SSA sent Plaintiff a letter on December 18, 2023, stating it "ha[d] approved the claim for Supplemental Security Income (SSI) benefits that [Plaintiff] filed on August 23, 2013[,]" and that "[a]s of June 2021, [she] met all the rules to be eligible for SSI based on being disabled." (ECF No. 16-1 at 1.) As such, the SSA informed Plaintiff that she was due back-pay benefits in the amount of $29,340.60. (*Id.* at 2.)

In a letter dated January 3, 2024, the SSA informed Plaintiff that, pursuant to Plaintiff's fee agreement, Mr. Sandoval could charge her "no more than $6,000.00 for his or her work on your Supplemental Security Income (SSI) claim." (ECF No. 16-2 at 1.)

The SSA paid Mr. Sandoval $6,000 (minus a $117.00 administrative fee) for representation at the administrative level. (ECF No. 16-2 at 2.)

On July 2, 2024, Mr. Sandoval filed the instant Petition in which he seeks $1,335.15 pursuant to 42 U.S.C. § 406(b) for 42.75 hours of work before the district court. (ECF Nos. 16 at 2–3; 16-3 (itemization of hours).) Mr. Sandoval notes that the amount sought represents 25% of the awarded back-pay ($29,340.60) minus the $6,000 the SSA already paid. (ECF No. 16 at 3.)

On July 12, 2024, the Commissioner filed a response declining to take a position on the Petition but providing brief analysis of the fee requested. (ECF No. 18.)

## II.   LEGAL STANDARD

Mr. Sandoval brings this motion under 42 U.S.C. § 406(b), which provides in relevant part that:

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A); *see also* 42 U.S.C. § 1383(d)(2) (providing that § 406(b) applies to applications for SSI benefits). Although "[t]he statute does not specify how courts should determine whether a requested fee is reasonable[,] . . . a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 808 (2002)); *see also Gisbrecht*, 535 U.S. at 807 (holding "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court").

"[T]he Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination

resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6. "Because the SSA has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford*, 586 F.3d at 1149. Considering "the character of the representation and the results the representative achieved" in its reasonableness determination, "[t]he court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). "The attorney bears the burden of establishing that the fee sought is reasonable." *Crawford*, 586 F.3d at 1148.

## III.   DISCUSSION

As required, the Court looks first to the contingent-fee agreement attached to the Petition. (*See* ECF No. 16-4.) The instant agreement applies to Mr. Sandoval's representation of Plaintiff "in connection with his/her claim with the Social Security Administration," and references "proceedings before the SSA" and "section 206(a)(2)(A) of the Social Security Act." (*Id.*)

Section 206(a)(2)(A) of the Social Security Act provides for fees for attorney representation *before the Commissioner*. 42 U.S.C. § 406(a)(2)(A). Under this provision, the fee specified in the agreement may not exceed the lesser of "25 percent of the total of such past-due benefits, or $[6,000]," and the Commissioner is required to "approve th[e] agreement at the time of the favorable determination." *Id.*; *see also Maximum Dollar Limit in the Fee Agreement Process*, 74 Fed. Reg. 6080-02, 2009 WL 247991 (Feb. 4, 2009) (increasing maximum for fee agreements approved under section 206(a)(2)(A) to $6,000, effective June 22, 2009, through November 29, 2022). Pursuant to this section, SSA's January 3, 2024 letter to Plaintiff states that:

> Under the fee agreement, your lawyer can charge you no more than $6,000.00 for his or her work on your [SSI] claim. The fee does not include any out-of-pocket expenses (for example, costs to get copies of doctor's or hospital's reports). Your SSI past-due benefits used to decide the amount of the fee are $28,289.37 for June 2021 through November 2023.

(ECF No. 16-2 at 1.)  Because $6,000 is less than 25 percent of the total past-due benefits, the Commissioner paid Mr. Sandoval $6,000 for his work at the administrative level. (ECF Nos. 16-2 at 2; 16-3; 16-5.)

Mr. Sandoval does not include or otherwise reference any fee agreement other than that governing his work at the administrative level.[2]  As such, it does not appear that Plaintiff and Mr. Sandoval have a written contingency fee agreement that addresses Mr. Sandoval's representation of Plaintiff before the district court.  However, pursuant to the California Business & Professional Code:

> [a]n attorney who contracts to represent a client on a contingency fee basis shall, at the time the contract is entered into, provide a duplicate copy of the contract, signed by both the attorney and the client, or the client's guardian or representative, to the plaintiff, or to the client's guardian or representative. *The contract shall be in writing* . . . .

Cal. Bus. & Prof. Code § 6147 (emphasis added); *see also* Cal. Rules of Pro. Conduct r. 1.5 cmt. 5 ("Some fee agreements must be in writing to be enforceable.") (citing Cal. Bus. & Prof. Code § 6147); Model Rules of Pro. Conduct r. 1.5(c) (Am. Bar Ass'n) ("A contingent fee agreement shall be in a writing signed by the client and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; litigation and other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated.").

///

---

[2]  From a review of Mr. Sandoval's filings in this District, it appears that his standard fee agreement, which he has filed in support of numerous other 406(b) motions, suffers from this concerning omission. *See, e.g.*, *Katherine T. v. Kijakazi*, No. 22-cv-00396-KSC, ECF No. 16-3 (S.D. Cal. July 19, 2024) (agreement signed May 10, 2023); *Christian C. v. Kijakazi*, No. 19-cv-02209-JLB, ECF No. 14-7 (S.D. Cal. June 16, 2022) (agreement signed June 1, 2017); *Christian C. v. Kijakazi*, No. 19-cv-02209-JLB, ECF No. 17-7 (S.D. Cal. July 26, 2022) (same).

If the Court were to construe the instant fee agreement to include representation before the district court as well as before the Commissioner, the plain language of the agreement caps Mr. Sandoval's total payment as "the lesser of 25% of the combined past due benefits from my claim or, if less, $6,000.00 . . . ." In the instant Petition, Mr. Sandoval asserts he has already been compensated $6,000 for his administrative-level representation pursuant to 42 U.S.C. § 406(a) and is seeking an additional $1,335.15 for representation of Plaintiff before the district court pursuant to 42 U.S.C. § 406(b), for total, aggregated compensation of $7,335.15. (*See* ECF No. 16.) However, this would exceed the contracted maximum agreed upon by Mr. Sandoval and Plaintiff.[3]

## IV.   CONCLUSION

For the reasons set forth above, Mr. Sandoval's Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b) is **DENIED without prejudice**. If a fee agreement addressing Mr. Sandoval's representation of Plaintiff before the district court exists, Mr. Sandoval may file an amended petition no later than **August 29, 2024**.

Dated:  August 15, 2024

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[3]   Although statutorily "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)," *Culbertson v. Berryhill*, 586 U.S. 53, 62 (2019), the agreement entered into by Mr. Sandoval and Plaintiff does not provide for separate caps for representation before the SSA and before the district court. Thus, even if the instant fee agreement were construed to include both administrative and district court representation, the contractual language would have to be interpreted as setting an aggregate cap, which would limit the total award. *See Crawford*, 586 F.3d at 1150 ("Lawful attorney-client contingent fee agreements . . . are the 'primary means' by which fees are determined.") (quoting *Gisbrecht*, 535 U.S. at 807).